# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. MILLER, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 04-843-DRH |
| | ) |
| MADISON COUNTY JAIL, ROBERT | ) |
| HERTZ and JOE GULASH, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Madison County Jail,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case presents an interesting twist on cases involving suicide watch for inmates and detainees. Unfortunately, the vast majority of reported cases involve a successful suicide attempt; the subsequent action usually was brought by the decedent's estate or survivors, alleging that prison officials should have taken precautions to prevent the suicide.[2] By contrast, in this case there was

---

[1] Mail that was sent to Plaintiff at Madison County Jail in December 2005 was returned to the Clerk as undeliverable, and Plaintiff has not submitted a change of address notification. However, a search of the I.D.O.C.'s website suggests that Plaintiff may now be incarcerated in the Stateville Correctional Center. *See* http://www.idoc.state.il.us/subsections/search/inms.asp (accessed June 8, 2006).

[2] *See, e.g., Bradich ex rel. Estate of Bradich v. City of Chicago*, 413 F.3d 688 (7th Cir. 2005); *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917 (7th Cir. 2004); *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553 (7th Cir. 2003); *Boncher ex rel. Boncher v. Brown County*, 272 F.3d 484 (7th Cir. 2001); *Sanville v. McCaughtry*, 266 F.3d 724 (7th Cir. 2001); *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525 (7th Cir. 2000); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254 (7th Cir. 1996).

*not* a successful suicide. Instead, Plaintiff's suicide attempt on August 5, 2003, was interrupted by vigilant staff at Madison County Jail. Plaintiff was then placed on suicide watch in an isolation cell. He was evaluated by mental health professionals on several occasions, and different medications were prescribed to alleviate his depression and headaches.

At issue in this case, first, are the numerous deprivations Plaintiff claims to have suffered while confined to that isolation cell around-the-clock. Among those deprivations, Plaintiff states that he was not allowed to clean his cell, despite the strong smell of urine emanating from the toilet. He was not allowed access to mail or writing materials unless his attorney was present. Furthermore, until July 2004, he did not have a mattress to sleep on, but only a sleeping bag on bare concrete, and he was deprived of all out-of-cell exercise. Also at issue is the length of time that Plaintiff was confined to this isolation cell. Plaintiff claims that he was kept in isolation for too long, perhaps months longer than necessary, and against the recommendations of mental health professionals who evaluated him.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and he must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991). At the same time, "[t]he conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the

threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985). From the complaint (Doc. 1) and exhibits (Doc. 16), it appears that Plaintiff may have been in this isolation cell for at least eleven months, and perhaps longer. Such a time period certainly equates to "an extended period of time," but whether such an extended period of isolation and deprivation was medically necessary cannot be determined at this point in the litigation. *See* 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **MADISON COUNTY JAIL, HERTZ** and **GULASH**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **MADISON COUNTY JAIL, HERTZ** and **GULASH** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Madison County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained

from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:   June 9, 2006.**

 /s/   David   RHerndon
**DISTRICT JUDGE**