IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. MILLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04-cv-843-DRH |
| ) | |
| MADISON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court, *sua sponte*, on the Order to Show Cause issued by this Court on July 21, 2006 (Doc. 21). For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The plaintiff filed his lawsuit on November 11, 2004 while he was incarcerated at the Madison County Jail in Edwardsville, Illinois. From November, 2005 to November, 2005, the plaintiff filed various documents with the Court. However, On December 5, 2005 and December 28, 2005 various mail was returned to the Court as undeliverable. On June 9, 2006, District Judge David R. Herndon issued a 28 U.S.C. §1915A screening order; however, that order was returned to the Court on June 26, 2006 as undeliverable. This Court issued an Order to Show Cause on July 21, 2006 informing the plaintiff of the returned mail and instructing him to show cause, in writing, why this matter should not be dismissed for want of prosecution (Doc. 21). The Order to Show Cause also was returned to the Clerk with a letter from Captain Joseph Gulash of the Madison County Sheriff's Department. Captain Gulash, the jail superintendent, indicates that the plaintiff no longer is housed at the Madison County Jail (Doc. 22).

The plaintiff has not provided the Clerk with a notice of change of address. The only address on file for the plaintiff is the Madison County Jail which has informed the Court that the plaintiff is no longer housed there.

### CONCLUSIONS OF LAW

This Court recommends that this matter be dismissed because the plaintiff has failed to keep the Court informed of his current address. Local Rule 3.1 states that:

> All petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

The plaintiff has failed to inform the Court of his release from the Madison County Jail and his current address. Failing to provide his current whereabouts hampers the Court's ability to inform him of the progress of this case and prevents the plaintiff from timely receiving Orders of the Court.

The Local Rule itself does not provide a specific remedy for the failure to inform the Court of a new address. However, it is within this Court's discretion to determine the consequences for failing to comply with the Local Rules. Cf. Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 817 (7th Cir. 2004) ("This court reviews the decisions of a district court concerning compliance with local rules . . . for an abuse of discretion."); Morfin v. City of East Chicago, 349 F.3d 989, 999 n.11 (7th Cir. 2003) ("We typically defer to a district court's decision to enforce a local rule."). The plaintiff, himself, has had ample opportunity to correct the record and comply with the Local Rules. The failure to receive the Order to Show Cause has prevented the Court from informing the plaintiff of his responsibility in providing a new address.

Thus, the prosecution of this case is hampered by the failure to provide a correct address to the Clerk. The obvious consequences of the plaintiff's inaction are that he will receive no documents from the Court and he will be unable to comply with any orders of the Court. Thus, the plaintiff's failure to keep the Court appraised of his whereabouts is a failure to prosecute this action.

In conclusion, it is clear that the Plaintiff is failing to timely prosecute this matter and that he has failed to comply with an Order of this Court. The Plaintiff has been adequately warned that the failure to participate will result in this Court's Recommendation that his lawsuit be dismissed without prejudice. See Fischer v. Cingular Wireless, LLC, 446 F.3d 665-666 (7th Cir. 2006). The plaintiff has offered no excuse for the failure to prosecute.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for want of prosecution and that the Court adopt the foregoing findings of fact and conclusions of law.

To ensure the record is clear, the Clerk is directed to mail a copy of this Report and Recommendation to the only address on record for the plaintiff, the Madison County Jail in Edwardsville, Illinois. However, as the plaintiff is no longer housed at the jail, the Clerk of Court is also directed to mail this Report and Recommendation to the care of Captain Joseph Gulash. Captain Gulash is requested, if possible, to mail this Report and Recommendation to the plaintiff, at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10)

3

days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 15, 2006**

                                                               **<u>s/ Donald G. Wilkerson</u>**
                                                                **DONALD G. WILKERSON**
                                                                **United States Magistrate Judge**