IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES E. MILLER, JR.,**

    **Plaintiff,**

v.

**MADISON COUNTY JAIL, et al.,**

    **Defendants.**       Case No. 04-cv-843-DRH

**ORDER**

**HERNDON, District Judge:**

Before the Court is Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 46), made pursuant to **28 U.S.C. § 1915**. Plaintiff has filed a Notice of Appeal with the United States Court of Appeals, Seventh Circuit (Doc. 32), regarding this Court's Order (Doc. 27), which adopted the Report and Recommendations ("R&R") issued by the Magistrate Judge in this matter (Doc. 24). Plaintiff filed his § 1983 Complaint *pro se*, as an inmate at a correctional facility. The R&R was issued *sua sponte* upon failure of Plaintiff to show cause of why his suit should not be dismissed for want of prosecution (Doc. 24).[1] Plaintiff did not file objections to the R&R and thus, the Court adopted its findings, thereby dismissing

---

[1] An Order to Show Cause (Doc. 21) was issued by the Magistrate Judge as Plaintiff had repeatedly failed to apprise the Court of his most recent mailing address, as required under Local Civil Rule 3.1. All of the service copies of court orders sent to Plaintiff by the Clerk's office continued to be returned as undeliverable – forwarding address unknown, including a copy of the R&R and Order which adopted the findings of the R&R (*see, e.g.,* Docs. 22, 25, 26, 30 & 31).

Plaintiff's complaint without prejudice (Doc. 27).[2]

Plaintiff must adequately show his inability to pay appellate filing fees by submitting an affidavit, along with his Motion, "that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." **28 U.S.C. § 1915(a)(1);** *see also* **FED. R. APP. P. 24(a)(1)**. Secondly, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." **28 U.S.C. § 1915(a)(3)**; *see also* **FED. R. APP. P. 24(a)(3)**.

From reviewing Plaintiff's Prisoner Trust Fund Account Statement (Doc. 45), the Court finds that Plaintiff does not possess the financial means to pay the entire filing fee up front. However, the Court cannot certify that Plaintiff's appeal is "taken in good faith," because it is frivolous. ***See Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir. 2000)("There is no reason why obviously frivolous appeals such as [the plaintiff's], appeals bound to be dismissed as soon as the appellate judges get hold of them, should have to be authorized by the district judge . . .")**. In this case, Plaintiff's suit was dismissed without prejudice, which does not qualify as an appealable final judgment pursuant to **28 U.S.C. § 1291,** as Plaintiff could, presumably, amend his Complaint and refile it. ***See Firstier Mortgage Co. v.***

---

[2] Plaintiff thereafter filed a Notice of Appeal (Doc. 32), as well as later filing a Motion for Reconsideration/Motion to Reopen Case (Doc. 35), which was dismissed by this Court for lack of jurisdiction (Doc. 37). Plaintiff also filed several other subsequent motions, which were struck by the Court for lack of jurisdiction (*see* Doc. 43).

*Investors Mortgage Ins. Co.*, 498 U.S. 269, 273-74, 111 S. Ct. 648, 651 (1991)("For a ruling to be final, it must end the litigation on the merits . . . and the judge must clearly declare his intention in this respect.")(internal citations and quotations omitted); *see also Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). It also does not fall within an exception to the final judgment rule, as the Court did not deem Plaintiff's action unsalvageable by other action. *See U.S. v. City of Milwaukee*, 144 F.3d 524, 528 n.7 (7th Cir. 1998). The outcome of Plaintiff's action was indeterminable due to Plaintiff's failure to prosecute. Further, Plaintiff did not petition this Court for an interlocutory appeal. The Court finds Plaintiff's appeal at this time, as it is not an appeal on the merits or from a final judgment, would likely be dismissed by the Seventh Circuit. Therefore, Plaintiff's Motion (Doc. 46) is **DENIED**.

    **IT IS SO ORDERED.**

Signed this 8th day of January, 2007.

                                               /s/        David  RHerndon
                                               **United States District Judge**